27047.   GULF LIFE INSURANCE COMPANY *v.* FETZER.

DECIDED NOVEMBER 7, 1938.   REHEARING DENIED DECEMBER 10, 1938.

*J. D. Tindall, J. F. Kemp,* for plaintiff in error.
*William E. & W. Gordon Mann,* contra.

FELTON, J. ■ In view of the conflicts in the evidence as to the physical facts surrounding the death of the insured this court can not hold as a matter of law that the death was suicide. The first headnote requires no further elaboration.

■ Exception is made to the charge of the court as follows: "I charge you gentlemen, this principle of law: self-destruction can not be presumed. The burden is upon the defendant to overcome this presumption by competent evidence which satisfies the jury by a preponderance thereof, that the injuries which caused the death of the insured were intentional on his part. And I charge you that if the evidence of the plaintiff shows that the death of the insured was caused by external violent means the presumption of law would be that the death was accidental. I charge you, gentlemen, as I have said, the presumption is not in favor of suicide but is in favor of accident." The exceptions to the charge are: that it was inaccurate, confusing, and misleading in that said charge contained two distinct propositions, directly conflicting, and was calculated to leave the jury in such a confused state of mind that they could not render an intelligent verdict; that the charge did not present the law as to the presumption of accidental death with the clearness with which the defendant was entitled to have this principle presented; that said charge was limited in its scope in that the court should have instructed the jury that the presumption resting in favor of accidental death may be rebutted; that the charge had the effect of instructing the jury that the presumption of law in favor of accidental death can not be overcome or rebutted; that the charge failed to instruct the jury that the presumption against suicide is not conclusive and that the presumption will vanish upon proof of physical facts inconsistent therewith. The charge in the language referred to can not be said to be technically perfect, but, taken as a whole, it did, in effect, tell the jury that there was a presumption against suicide and that the presumption

was rebuttable. The charge will not be held to be error for any of the reasons assigned.

There was no error in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*