30508. LIBERTY NATIONAL LIFE INSURANCE COMPANY *v.* TIDMORE.

DECIDED JUNE 7, 1944.

*Wright, Willingham & Fullbright,* for plaintiff in error.
*James Maddox,* contra.

BROYLES, C. J. The plaintiff filed suit against the defendant insurance company on a policy of life insurance issued by it on the life of her husband, Turner J. Tidmore. The policy contained the so-called "double-indemnity" provision. The petition alleged that

the insured died on June 6, 1941, "as the result of an accidental gunshot wound." The defendant in its answer denied liability, on the ground that the death of the insured was the result of his own act, and set forth a provision of the policy to the effect that if the insured should die by his own act within one year from the date of the policy, the liability of the company would be limited to the return of the premiums paid on the policy; and that the company, before the suit was filed, had tendered to the plaintiff's attorneys the amount of the premiums so paid, which tender was refused, and that the company had paid said amount into court. The date of the policy was September 30, 1940. The jury returned a verdict in favor of the plaintiff for the face amount of the policy, plus the amount of the double-indemnity benefit. The defendant's motion for new trial, containing the general grounds only, was denied, and that judgment is assigned as error.

The sole question presented is, did the evidence, direct and circumstantial, authorize the jury to find that the death of the insured was accidental? It is well-settled law that in a case of this kind there is a presumption in favor of an accidental death, and against suicide. That presumption, of course, is rebuttable. As said by this court in *Gulf Life Ins. Co.* v. *Fetzer,* 59 *Ga. App.* 176 (200 S. E. 165), "Upon proof that an insured died by external and violent means, where there are conflicts in the evidence as to the physical facts surrounding the death, and the evidence does not demand a finding that the death was by suicide, the verdict for the plaintiff, having the approval of the trial judge will not be disturbed." In the instant case, the jury were authorized to find that the evidence, including the physical facts surrounding the death, was insufficient to overcome the presumption against suicide. The cases cited in behalf of the plaintiff in error are distinguished by their facts from this case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*